

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-6-2000

# United States v. Saintville

Precedential or Non-Precedential:

Docket 00-3113

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

Recommended Citation

"United States v. Saintville" (2000). *2000 Decisions.* Paper 141.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/141

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed July 6, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-3113

UNITED STATES OF AMERICA

v.

WILNER SAINTVILLE,
      Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 99-00157)
District Judge: Honorable Yvette Kane

Submitted under Third Circuit LAR 34.1(a)
June 22, 2000

BEFORE: GREENBERG and BARRY, Circuit Judges,
and OBERDORFER,* District Judge

(Filed: July 6, 2000)

_____

* Honorable Louis F. Oberdorfer, Senior Judge of the United States
District Court for the District of Columbia, sitting by designation.

David M. Barasch
United States Attorney
James T. Clancy
Assistant United States Attorney
Federal Building
228 Walnut Street
P.O. Box 11754
Harrisburg, PA 17108

 Attorneys for Appellee

James V. Wade
Federal Public Defender for the
Middle District of Pennsylvania
Daniel I. Siegel
Assistant Federal Public Defender
100 Chestnut Street, Suite 306
Harrisburg, PA 17101

 Attorneys for Appellant

OPINION OF THE COURT

GREENBERG, Circuit Judge.

I. INTRODUCTION

Wilner Saintville appeals from the sentence entered on February 1, 2000, on his guilty plea to an indictment for illegal entry into the United States following his deportation for conviction of an aggravated felony in violation of 8 U.S.C. S 1326(b)(2). The appeal requires us to consider the application of U.S.S.G. S 5G1.3(c) p.s. ("section 5G1.3") in a situation in which a court sentences a defendant already subject to an undischarged term of imprisonment for a separate offense. We recently dealt with this issue in Rios v. Wiley, 201 F.3d 257 (3d Cir. 2000), but did so under the version of section 5G1.3 prior to its amendment, effective November 1, 1995, to its current form which the parties agree is applicable in this case.

The germane procedural history is as follows. A grand jury returned the indictment for the section 1326(b)(2)

2

violation on June 23, 1999. Subsequently, on November 10, 1999, Saintville was convicted in the Court of Common Pleas of York County, Pennsylvania, for possession of cocaine with intent to distribute and conspiracy to deliver cocaine. On December 27, 1999, the state court sentenced Saintville to a custodial term of 12 to 24 years.

On January 31, 2000, Saintville's case came on for sentencing in the district court. After originally asking for a downward sentencing departure, Saintville's attorney changed her request and asked the court to run his sentence on the federal charge concurrently with his state sentence. In support of this request she indicated that she had calculated that the hypothetical combined sentencing range, treating both the federal and state charges as having been prosecuted in the federal court, would have been 51 to 63 months of imprisonment, a calculation with which the government did not take issue then or even now. Thus, in Saintville's view the state sentence adequately punished him for both the federal and state offenses. Moreover, in an attempt to justify her request for concurrent sentences, Saintville's attorney contended that the case was unusual because ordinarily sentences are "harsher" in federal than state courts. Thus, the state sentence imposed a very substantial punishment even if it encompassed the federal sentence.

The prosecutor, however, had a different approach. His position was straightforward and directly to the point. He said that he "would simply point out that it is within the Court's discretion to enter this sentence consecutively or concurrently. If the Court does enter a completely concurrent sentence, that would have the effect of imposing no punishment for this offense in the court where it properly sits." App. at 23.

Ultimately, after hearing extensive colloquy, including a statement from Saintville, the district court sentenced him to a 46-month imprisonment term which was at the bottom of his imprisonment range of 46 to 57 months. The court reached somewhat of a middle ground on the question of whether the sentence should be concurrent or consecutive to the state sentence, as it provided that ten months would be concurrent and the balance would be consecutive to the

3

state sentence. Saintville then filed a timely appeal. We exercise plenary review of the district court's order to the extent that it implicitly construed the sentencing guidelines, see Rios v. Wiley, 201 F.3d at 262, but review the district court's determination to impose a partially concurrent and partially consecutive sentence on an abuse of discretion basis. See United States v. Spiers , 82 F.3d 1274, 1277 (3d Cir. 1996).

II. DISCUSSION

On this appeal, Saintville contends that in imposing the sentence the district court erred as a matter of law because it failed to consider the hypothetical combined sentencing range which would have been applied if the United States had prosecuted both the unrelated state drug offenses and the illegal entry offense in the district court. He cites section 5G1.3(c), which provides that "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." He argues that the Commentary to the guideline required the court to consider the hypothetical combined sentencing range which would have been applicable if both prosecutions had been in the district court. In his view, consideration of the hypothetical range would have led the district court to impose a fully concurrent federal sentence.

In considering Saintville's argument, we recognize, as the government acknowledges, that section 5G1.3(c) and its Commentary prior to their 1995 amendment would have required the court to consider the hypothetical combined guideline range. See Rios v. Wiley, 201 F.3d at 263-65; see also section 5G1.3(c) comment. (n.3) (Nov. 1993). Nevertheless, we will affirm.

First, we point out that there is no doubt but that the court was aware of the hypothetical combined sentencing range as Saintville's attorney set forth the range and the prosecutor did not challenge what she said. But there is a more fundamental reason why we reach our result. As we have indicated, section 5G1.3(c) and its Commentary were

amended in 1995 after the sentencing at issue in Rios v. Wiley so that the guideline now is in the form we have set forth above. See U.S.S.G. App. C, amend. 535 (effective Nov. 1, 1995). At the time of the sentencing at issue in Rios v. Wiley, section 5G1.3(c) provided that "the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offenses." (Emphasis added.) Thus, in Rios v. Wiley, but not here, the guideline in effect at sentencing made clear to the court that it must consider the reasonableness of the sentence taking into account its "incremental" character. Courts repeatedly have held that in view of the 1995 amendment, as well as the amendment of the accompanying Commentary, a sentencing court no longer must make the hypothetical calculation contemplated in Rios v. Wiley. See United States v. Mosley, 200 F.3d 218, 222–25 (4th Cir. 1999); United States v. Velasquez, 136 F.3d 921, 923–25 (2d Cir. 1998); United States v. Luna–Madellaga, 133 F.3d 1293, 1294–96 (9th Cir. 1998). Now, as the Commentary to section 5G1.3 sets forth, the court, "[t]o achieve a reasonable punishment and avoid unwarranted disparity, . . . should consider the factors set forth in 18 U.S.C. S 3584 (referencing 18 U.S.C. S 3553(a)) and be cognizant of" the factors set forth in section 5G1.3(c), comment. (n.3) (1998). See U.S.S.G. S 5G1.3, comment. (n.3) (Nov. 1998).

We agree with these courts as nothing in the referenced statutes or Commentary requires the court to make a hypothetical sentencing calculation. Moreover, deletion of the requirement in section 5G1.3 that the court run a sentence consecutively to the extent necessary to achieve a reasonable "incremental" punishment for the instant offenses tends to demonstrate that section 5G1.3(c) no longer ties the newly imposed sentence closely to any undischarged term of imprisonment.

While it is true that the court was quite succinct at the sentencing and did not explain why ten months of the sentence was to be concurrent and the balance consecutive to the state sentence, still "[n]othing in the language of [section 5G1.3(c)] or its Commentary requires district

5

courts to make specific findings with respect to any or all of the factors listed in the Commentary or [18 U.S.C.] S 3553(a)." United States v. Velasquez , 136 F.3d at 924. Here, in view of the extensive presentence report and the sentencing colloquy, we are confident that the court considered the applicable statutory sentencing factors and was cognizant of the germane information it needed"to achieve a reasonable punishment" for the offense involved and made its determination on that basis. See  section 5G1.3(c). After all, as the prosecutor pointed out, if the court had made the sentence completely concurrent to that state sentence, it effectively would not have been punishing Saintville at all. In the circumstances, we cannot say that the court abused its discretion in making the sentence partially consecutive to the state sentence.

III. CONCLUSION

For the foregoing reasons the judgment of conviction and sentence entered February 1, 2000, will be affirmed.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

6