

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2004

# USA v. Boglin

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3672

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Boglin" (2004). *2004 Decisions.* Paper 865.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/865

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-3672
_____

UNITED STATES OF AMERICA

v.

RONALD T. BOGLIN
a/k/a Ronald Thompson

Ronald T. Boglin,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 01-cr-00274)
District Judge:  Honorable R. Barclay Surrick
_____

Submitted Under Third Circuit LAR 34.1(a)
March 30, 2004

Before: ALITO, FISHER and ALDISERT, Circuit Judges.

(Filed : April 6, 2004)

_____

OPINION OF THE COURT
_____

FISHER, Circuit Judge.

Ronald T. Boglin appeals his sentence for being a felon-in-possession, arguing that the district court abused its discretion in sentencing him to a term of imprisonment that would run consecutively to his state sentence for murder. We will affirm.

The parties are familiar with the facts, which will not be recited here in detail. On October 29, 2000, Boglin murdered his eight-week old son by shaking him to death. Boglin told the police that he had shaken the child because he had been crying. Philadelphia detectives obtained a search warrant for Boglin's residence, where they found a handgun hidden under a mattress.

In state court, Boglin pleaded guilty to murder and was sentenced to 10 to 20 years of imprisonment. The state court was aware that Boglin faced a mandatory minimum 15-year federal sentence and stated in the sentencing order "If the defendant is sentenced on the federal gun charge, at the end of his minimum the defendant is to be paroled to federal Institution to serve the federal sentence."

In federal court, Boglin was indicted under 18 U.S.C. §§ 922(g)(1) and 924(e) for being a felon-in-possession. Boglin pleaded guilty. The parties stipulated that pursuant to U.S.S.G. § 5G1.3(c), "the court may for the instant offense impose a sentence to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." The presentence report found that Boglin had been convicted of three prior felony drug offenses, making him an Armed Career Criminal within the meaning of U.S.S.G. § 4B1.4.

2

The presentence report also showed that Boglin had been convicted as an adult eight times and was subject to several disciplinary infractions while in custody at the Philadelphia federal detention center. Boglin's adjusted total offense level was 30 with a criminal history of VI. Because Boglin was an Armed Career Criminal, his guideline range for imprisonment was 180 to 210 months.

At Boglin's federal sentencing hearing, the parties recognized that the decision of whether Boglin might be paroled after his 10-year minimum state sentence rested not with the sentencing judge, but with the Pennsylvania Parole Board. Boglin therefore asked the district court to make his federal sentence run partially concurrently to his state sentence. The court acknowledged that a federal sentence of 15 years running consecutive to an indeterminate state sentence of 10 to 20 years could give Boglin up to 35 years in prison from the date of his initial arrest.

The government countered that the federal crime of being a felon-in-possession was separate and distinct from the state crime of murder; that Boglin was a recidivist; and that protection of society was a "paramount" consideration under 18 U.S.C. § 3553(a). The government also argued that a federal sentence that would start after 10 years of a potential 20-year state sentence would result in Boglin receiving little punishment for his federal offense. Accordingly, the government requested a consecutive sentence.

The court recognized that the Parole Board might decide not to parole Boglin after 10 years. Nevertheless, held the court, Boglin's sentence should not only fit the crime,

3

but deal with his effect on society. Boglin had eight prior convictions and his crimes had escalated into murder. While incarcerated on the federal charge, there were disciplinary problems. The court therefore sentenced Boglin to a 15-year term of imprisonment to run consecutively to the state sentence, along with three years of supervised release and a special assessment of $100.00.

The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.[1] We exercise plenary review over the construction of the sentencing guidelines, and review the determination to impose a consecutive sentence for an abuse of discretion. United States v. Saintville, 218 F.3d 246, 248 (3d Cir. 2000).

We find no abuse of discretion or error of law. The parties correctly stipulated to U.S.S.G. § 5G1.3(c), a policy statement indicating that the sentence "may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c) (2001).[2] The relevant application note states that:

> [t]o achieve a reasonable punishment and avoid unwarranted disparity, the court should consider the factors set forth in 18

---

[1] Boglin's trial attorney failed to follow his client's instructions to file timely notice of appeal. On August 29, 2003, the district court granted Boglin the right to file a direct appeal *nunc pro tunc* pursuant to a motion under 28 U.S.C. § 2255. Boglin filed timely notice of appeal on September 5, 2003.

[2] As Boglin was sentenced July 24, 2002, we use the 2001 guidelines in effect at that time. U.S.S.G. § 1B1.11(a).

4

U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a)) and be cognizant of:

(a)   the type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence;

(b)   the time served on the undischarged sentence and the time likely to be served before release;

(c)   the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and

(d)   any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

U.S.S.G. § 5G1.3 app. n. 3 (2001).

In turn, 18 U.S.C. § 3553(a) requires the sentencing court to consider, *inter alia*:

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant; [and]

(2)   the need for the sentence imposed--
   (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B)   to afford adequate deterrence to criminal conduct; [and]
   (C)   to protect the public from further crimes of the defendant[.]

18 U.S.C. § 3553(a).

The sentencing transcript makes it clear that the district court considered these factors in imposing Boglin's sentence. Boglin had been convicted of eight prior offenses. His crimes escalated into the murder of his own child. Under these circumstances, the district court was well within its discretion to impose a consecutive sentence.

5

Boglin notes that the court could have imposed a partially concurrent sentence to reflect what his federal sentence might have been had the murder been included in the federal proceedings. However, the Sentencing Guidelines were amended in 1995 to make it clear that courts need not engage in "hypothetical" sentencing. Saintville, 218 F.3d at 248 (under 1995 amendments to U.S.S.G. § 5G1.3, "a sentencing court no longer must make [a] hypothetical calculation"); see also U.S.S.G. App. C at am. 535 (amendment gives "additional flexibility to impose, as appropriate, a consecutive, concurrent, or partially concurrent sentence in order to achieve a reasonable punishment").

The sentencing transcript makes it clear that the district court was aware of its authority to grant a concurrent, partially concurrent, or consecutive sentence. Although it was not obliged to make specific findings, the district court did explain its rationale and was aware that Boglin could face up to a 35-year sentence, but declined to impose a partially consecutive sentence to match a "hypothetical" result. Although the court stated that a 25-year sentence would not be unreasonable, the sentencing transcript makes it clear that the district court also believed that even a 35-year sentence – the state portion of which, noted the Court, might be lessened by good behavior while in prison – would not be unreasonable either. Under the circumstances, the court did not abuse its discretion.

Accordingly, we AFFIRM Boglin's sentence.

_____

6