

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-10-2006

# USA v. Brooks

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2337

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Brooks" (2006). *2006 Decisions*. Paper 769.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/769

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 05-2337

UNITED STATES OF AMERICA

v.

JOHN BROOKS

Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No: 03-cr-00041-2

District Judge: Honorable John E. Jones, III

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 18, 2006

Before: SCIRICA, McKEE,
and STAPLETON, Circuit Judges.

(Opinion filed: July 10, 2006)

OPINION

McKEE, Circuit Judge.

John Brooks appeals the consecutive sentence the district court imposed

following his guilty plea. For the reasons that follow, we will affirm.

Since we are writing primarily for the parties who are familiar with this dispute, we

need not set forth its procedural or factual background. We have jurisdiction to review

the final judgment of conviction pursuant to 28 U.S.C. § 1291, and 18 U.S.C. §

3742(a)(1) (authorizing review of sentences imposed "in violation of law."). *See United States v. Cooper*, 437 F.3d 324, 327 (3d. Cir., 2006).

Brooks' appeal requires only brief discussion because the law is absolutely clear that a sentencing judge has discretion to sentence a defendant to imprisonment that is consecutive to a term of imprisonment imposed for an unrelated state conviction after appropriate inquiry.[1] With certain exceptions not relevant here, 18 U.S.C. § 3584(a) specifically authorizes a sentencing court to impose consecutive sentences.[2]

Brooks argues that the district court made insufficient findings to justify a consecutive sentence, and that the court failed to address all of the directives of 18 U.S.C. §3553(a) in ordering that his sentence be consecutive. *See* Appellant's Br. at 15.

18 U.S.C. § 3584(a) provides that "in determining whether the terms imposed are to be ordered to run concurrently or consecutively, [the sentencing court] shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)." 18 U.S.C. § 3553(a) includes the sentencing range determined pursuant to the Sentencing Guidelines as one of the factors that should be considered

---

[1] "Trial courts traditionally exercised discretion to impose consecutive or concurrent sentences as required by the facts of the case. Congress restricted this power somewhat in the Sentencing Reform Act, but recognized that judges still retain substantial discretion." *United States v. Velasquez*, 304 F.3d 237, 241 (3d. Cir. 200).

[2] *See*, *United States v. Velasquez*, 304 F.3d 237, 243 (3d. Cir. 2002) for a discussion of the sentencing courts' authority to impose consecutive sentences under the Sentencing Guidelines and relevant provisions of Title 18. Although *Velasquez* was decided before *Booker,* our discussion there remains relevant.

before imposing a sentence. Thus, although the Guidelines are no longer mandatory given the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), they still play a role in sentencing. *See United States v. Cooper*, *supra.*

U.S.S.G. § 5G1.3 ("Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment") sets forth various factors that a sentencing court should consider in deciding whether to impose a sentence concurrent with, or consecutive to, a previously imposed state sentence.

In imposing the consecutive sentence here, the district court considered the nature and the circumstances of the offense and the defendant's history and characteristics, as well as the need for the sentence to reflect the seriousness of the current offense, promote respect for law , and protect the public.

Pursuant to U.S.S.G. § 5G1 the court also considered the type and length of the undischarged sentence. The district court specifically noted that the minimum date for Brooks' state sentence was December 2006. The court then discussed the time served on that undischarged sentence and noted that Brooks was receiving credit on his federal sentence from the time the sentence was lodged, as required by subsection (iii).

After considering the factors that specifically applied to Brooks, the district court explained that a concurrent sentence would neither adequately punish the violation of federal law, nor be reasonable given Brooks' extensive criminal record. App. at 25a.

As noted at the outset, Brooks agues that the district court's explanation of the

sentence that was imposed was not sufficient to justify imposing a consecutive sentence. However, we have never required a sentencing court to methodically recite the language of the applicable statute or Guideline when imposing a sentence. "[N]othing in the language of section 5G1.3© or its Commentary requires district courts to make specific findings with respect to any or all of the factors listed in the Commentary or 18 U.SC. § 3553(a)." *United States v. Saintville*, 218 F.3d 246, 249 (3d Cir. 2000) (brackets and internal quotation marks omitted).

Imposing a fully concurrent sentence here would have allowed Brooks to escape punishment for his federal offense. Although there are clearly situations where such a sentence would be appropriate, we agree with the court's determination that this is not such a case. Brooks' challenge to his consecutive sentence is nothing more than an attempt to manufacture a sentencing error out of the fact that the court exercised its discretion to impose a consecutive sentence, even though the court did so in a careful and studied manner that was consistent with the requirements of 18 U.S.C. § 3553, and the Sentencing Guidelines. "[I]n view of the extensive pre-sentence report and the sentencing colloquy, we are confident that the court considered the applicable statutory sentencing factors and was cognizant of the germane information it needed 'to achieve a reasonable punishment' for the offense involved and made its determination on that basis. *See* section 5G1.3©." *United States v. Saintville*, 218 F.3d 246, 249 (3d. Cir. 2000).

Accordingly, we will affirm the judgment of sentence.

4