

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-9-2009

# USA v. Madison

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5172

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Madison" (2009). *2009 Decisions*. Paper 1904.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1904

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 06-5172

———————

UNITED STATES OF AMERICA
v.
JAMES MADISON
Appellant

———————

On Appeal From the United States
District Court
For the Eastern District of Pennsylvania
(D.C. Crim. Action No. 06-cr-00390)
District Judge:  Hon. Juan R. Sanchez

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 3, 2009

BEFORE:  McKEE and STAPLETON, *Circuit Judges*,
and IRENAS,* *District Judge*

Opinion Filed: February 9, 2009

———————

OPINION OF THE COURT

———————

————————————

*Hon. Joseph E. Irenas, Senior United States District Judge for the District of New
Jersey, sitting by designation.

STAPLETON, <u>Circuit Judge</u>:

Appellant James Madison pled guilty to one count of bank fraud pursuant to a plea agreement. The Probation Office properly calculated his advisory Sentencing Guidelines range to be 37-46 months. At the close of the sentencing hearing, the District Court sentenced Madison to a term of imprisonment of 60 months to commence after service of a state sentence he was serving for a different crime.

In this appeal, Madison urges that the District Court erred as a matter of law by (1) "departing upward" from the Guidelines range; (2) failing to provide advance notice of its intent to so depart; and (3) denying his request to have his federal sentence run concurrently with his state one. We consider each in turn and will affirm.

I.

The District Court followed the applicable precedent. It properly calculated the applicable Guidelines range, recognized them as advisory, considered each of the § 3553(a) factors, and decided upon a sentence that it expressly found to be "sufficient but not greater than necessary to reflect the seriousness of the offense, deter criminal conduct, protect the public from [the defendant's] conduct and provide [him] with an opportunity for rehabilitation." App. at 57. The Court also explained on the record how it reached its decision, as well as why it was unpersuaded by the arguments it did not accept.

There was no departure under the Sentencing Guidelines. Rather, the District Court exercised its discretion to vary from the advisory range based upon § 3553(a)

2

factors. As the Court explained, it was concerned about the fact that Madison was 57 years old, had a thirty-year criminal record including 10 prior convictions, and had not been at all deterred by the punishments previously imposed. Moreover, the Court explained that it was concerned about the nature and seriousness, as well as the frequency of Madison's offenses, stressing not only the duration and extent of the fraud, but also the harmful impact on the victims of his use of stolen identification and personal information. In short, it is apparent from the record that what Madison refers to as the "unassociated concerns" giving rise to the appropriate upward variance were precisely the concerns on which § 3553(a) required the Court to focus. Given that there was ample and reliable evidence to support those concerns, we find the District Court's variance to be well within its discretion.

## II.

Madison insists that the failure of the Court to provide advance notice of an intent to impose a sentence above the applicable Guidelines range violated Fed. R. Crim. P. 32. Such notice is not required, however, in advance of discretionary variances based on § 3553(a) factors. *Irizarry v. United States*, 128 S. Ct. 2198, 2208 (2008).

## III.

Under 18 U.S.C. § 3584, multiple terms of imprisonment may be imposed either consecutively or concurrently, and the District Court must consider the § 3553(a) factors in making this determination. Similarly the policy statement in U.S.S.G. § 5G1.3(c)

provides that a sentence may be imposed concurrently, partially concurrently, or consecutively to an undischarged sentence in order "to achieve a reasonable punishment for the instant offense." This decision is entrusted to the sound discretion of the District Court. *United States v. Lloyd*, 469 F.3d 319, 321 (3d Cir. 2006); *United States v. Saintville*, 218 F.3d 246, 249 (3d Cir. 2000).

The District Court here made explicit reference to Guidelines § 5G1.3(c), thus recognizing its discretion to impose a consecutive or a concurrent sentence. While it did not expressly tie its decision on that matter to a separate statement of rationale, it is crystal clear from reading the record that its decision in favor of a consecutive sentence was based on the same § 3553(a) factors that caused it to sentence above the Guidelines range – Madison's criminal history and recidivism, the nature and seriousness of the offense, and the need for deterrence and punishment. Once again, we find no abuse of discretion.[1]

IV.

The judgment of the District Court will be affirmed.

---

[1]Madison insists for the first time before us that his state conviction was based on "relevant conduct" under § 7B1.3 and should have been ordered to run concurrently under § 5G1.3(b). However, the record provides no basis for this contention and the presentence report reflects that the state conviction was not treated as a related case or relevant conduct in the calculation of the Guidelines range.

4