**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2608
_____

UNITED STATES OF AMERICA

v.

ROBERT WILSON,
                              Appellant
_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(Crim. No. 1:09-CR-149-001)
District Judge:  Hon. A. Richard Caputo
_____

Submitted Under Third Circuit L.A.R. 34.1(a),
May 23, 2011

BEFORE:  FUENTES, FISHER, and NYGAARD, *Circuit Judges.*

(Opinion Filed:  July 8, 2011)
_____

OPINION
_____

FUENTES, *Circuit Judge*.

Appellant Robert Wilson pled guilty to one count of wire fraud, in violation of 18

U.S.C. § 1343.  At his sentencing hearing, Wilson requested that the District Court use its

discretion under § 5G1.3 of the United States Sentencing Guidelines to make his federal

1

sentence run concurrent with his state sentence. The District Court denied his request. For the reasons set forth below, we will affirm.

## I.

We write solely for the parties and therefore discuss only the facts necessary to explain our decision.

Between January of 2001 and April of 2009, Wilson engaged in four fraudulent schemes that resulted in $343,000 of illegal gain and ultimately led to his November 5, 2009 guilty plea to wire fraud. The schemes consisted of Wilson: (1) inducing others to provide him with funds to purchase investment properties that he never purchased; (2)issuing checks from closed accounts; (3) accepting money for renovation projects without completing the work; and (4) borrowing funds to start a business but failing to repay the loans. After Wilson's plea of guilty, the United States Probation Office prepared a Pre-Sentence Report ("PSR") in which they calculated his offense level as 20 and his criminal history category as level VI, giving Wilson a guideline imprisonment range of 70 to 87 months. In light of disagreement over the dollar amount attributable to Wilson's fraudulent activities, the parties jointly requested, and the District Court accepted, an amended guideline imprisonment range of 46 to 57 months.

At sentencing, Wilson argued that the District Court should run his federal sentence concurrent with a state prison term for which he had already served some time.[1]

---

[1] The record is inconclusive on how much time Wilson actually served for his state crime. On March 24, 2008, Wilson was released on bond and on June 19, 2008, his bail was revoked. He was ultimately sentenced to 9-23 months on July 6, 2009.

Wilson argued that because his state offense involved similar fraudulent conduct and at least two of the same victims as his federal offense, the District Court should use its discretion under § 5G1.3 to impose a concurrent sentence. Wilson had been convicted of criminal attempt-theft by deception in Pennsylvania state court for filing false insurance claims on five leased contractor trailers. On July 6, 2009, he was sentenced in state court to a term of 9 to 23 months of imprisonment. Essentially, Wilson was requesting credit for the time he already served for his state conviction, but under the rubric of a concurrent sentence as articulated in § 5G1.3.[2] The District Court denied Wilson's request and instead imposed a sentence of 65 months' imprisonment, an eight month upward departure from the amended advisory sentencing guidelines. The sentence was warranted, the District Court stated, to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford an adequate deterrent, and protect the public from further crimes by Wilson given his prior history of fraudulent conduct. Wilson filed this timely appeal.[3]

## II.

District courts have "substantial discretion" to impose a federal sentence concurrently or consecutively with other sentences being served by a defendant. *United*

---

[2] Under Section 5G1.3(c), a District Court may adjust a defendant's sentence downward in order to arrive at an appropriate total sentence by recognizing previously served punishment for one crime as serving the purpose of punishment for another. *See United States v. Brannan*, 74 F.3d 448, 453 n.6 (3d Cir. 1996).

[3] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. §1291 and 18 U.S.C. §3742(a). *See United States v. Lloyd*, 469 F.3d 319, 321 (3d Cir. 2006).

*States v.Velasquez*, 304 F.3d 237, 241 (3d Cir. 2002). Under 18 U.S.C. § 3584(a), multiple terms of imprisonment imposed at the same time are to run concurrently, and multiple terms of imprisonment imposed at different times are to run consecutively, unless the court orders or the statute mandates otherwise. In determining whether to impose consecutive or concurrent sentences, the District Court must consider the § 3553(a) factors and any applicable guidelines or policy statements under the Sentencing Guidelines. 18 U.S.C. § 3584(b). Specifically, §§ 5G1.3(b) and 5G1.3(c) of the Sentencing Guidelines are relevant here. Under § 5G1.3(b), if "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction," the court should "adjust the sentence for any period of imprisonment already served . . . if the court determines that such period . . . will not be credited to the federal sentence by the Bureau of Prisons." If § 5G1.3(b) does not apply, the court may consider § 5G1.3(c), which provides that a sentence "may be imposed to run concurrently, partially concurrently, or consecutively  to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."

Because the decision to impose consecutive or concurrent sentences is entrusted to the sound discretion of the District Court, we review such determinations for abuse of discretion. *United States v. Lloyd*, 469 F.3d 319, 321 (3d Cir.2006).

On appeal, Wilson cites § 5G1.3 of the guidelines generally, but only explicitly disputes the District Court's decision to reject a concurrent sentence under § 5G1.3(c). To ensure a comprehensive review, however, we will consider the District Court's evaluation of both §§ 5G1.3(b) and 5G1.3(c).

At sentencing, Wilson's only argument was that his state and federal crimes consisted of similar fraudulent conduct and included at least two overlapping victims. In considering Wilson's request, the District Court therefore focused on § 5G1.3(b). After speaking directly with the Probation Office, the District Court determined that Wilson's state conviction for theft by deception was a distinct crime from the instant federal offense. The conduct resulting in the state conviction involved insurance fraud, whereas the conduct culminating in the federal conviction involved the four fraudulent schemes described above. Based on these facts, we find that the District Court did not abuse its discretion in determining that the state offense did not include relevant conduct to the federal offense and thus that Wilson's two sentences should not run concurrently under § 5G1.3(b).[4]

The District Court did not explicitly mention § 5G1.3(c), but there is no requirement that district courts make separate and specific findings when considering § 5G1.3(c). *United States v. Saintville*, 218 F.3d 246, 249 (3d Cir. 2000). The Commentary for § 5G1.3(c) states that in order to "achieve a reasonable punishment for the instant offense," district courts should consider "the factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a))" and be cognizant of the factors set forth in § 5G1.3(c). The record here shows that the District Court evaluated the full spectrum of Wilson's criminal conduct. The details and circumstances of Wilson's state and federal crimes were elicited. The District Court also explored Wilson's long history of

---

[4] The District Court noted for the record that any time-served adjustments stemming from Wilson's state prison sentence would be properly handled by the Bureau of Prisons.

5

fraudulent conduct. The District Court then meaningfully considered each of the § 3553(a) factors. Although the District Court did not make a separate § 5G1.3(c) finding, it is clear from the record that the Court gave careful consideration to the sentencing guidelines and to the § 3553(a) factors when it determined on balance, that Wilson's federal crime warranted a separate sentence. We find no abuse of discretion.

**III.**

For the forgoing reasons, we will affirm the judgment of the District Court.