NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1413
_____

UNITED STATES OF AMERICA

v.

BERT WILLIAM JOHNSON, III,
also known as "B"
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 3-10-cr-00007-001)
District Judge: Honorable Kim R. Gibson
_____

Submitted Under Third Circuit LAR 34.1
December 15, 2011

Before:   SLOVITER, VANASKIE and GREENBERG, *Circuit Judges*

(Opinion Filed:  December 30, 2011)
_____

OPINION OF THE COURT
_____

VANASKIE, *Circuit Judge.*

Bert William Johnson, III appeals his sentence, arguing that the District Court

abused its discretion in (1) denying his request for a downward departure pursuant to

U.S.S.G. § 4A1.3(b), (2) granting a smaller downward variance than he requested, and (3) ordering that his federal sentence run consecutively to his state court sentence. We reject each of Johnson's arguments and will affirm.

I.

We write primarily for the parties, who are familiar with the facts and procedural history of this case. Accordingly, we set forth only those facts necessary to our analysis.

On March 16, 2010, a federal grand jury in the Western District of Pennsylvania returned a six-count indictment against Johnson and his three co-defendants, Patricia Ann Hawes, Kimberly Whited, and Joy Schuck. The indictment charges Johnson with one count of conspiracy to distribute and possess with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 846; three counts of distribution of less than five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c); and one count of possession with intent to distribute five grams or more of cocaine base, in violation of §§ 841(a)(1) and (b)(1)(B)(iii).[1]

Johnson pled guilty to each of the counts against him on August 30, 2010, and the United States Probation Office prepared a presentence report. According to the presentence report, Johnson arranged for Hawes to sell cocaine for him and for both Hawes and Whited to deliver cocaine to his customers. Johnson also sold cocaine to Whited and Schuck and to confidential informants. Johnson usually remained in Johnstown for several weeks to sell cocaine, and then left Johnston to purchase more cocaine from his suppliers in other cities.

---

[1] The indictment included an additional count against only Schuck.

The District Court held Johnson's sentencing hearing on February 3, 2011, at which Johnson conceded that he was responsible for 35.79 grams of crack cocaine and that he qualified as a career offender under U.S.S.G. § 4B1.1. He filed a written submission before the sentencing hearing objecting to the presentence report's characterization of his role "as the alleged leader or person controlling the drug dealing/delivering," but the District Court largely agreed with the presentence report's characterization of his role, finding that he "acted as an organizer or leader within th[e] conspiracy." (A. 51, 67.) The District Court also noted that Johnson maintained contacts outside of Johnstown to obtain drugs and "utilized other conspiracy participants as runners or street level dealers [to] sell or deliver the drugs for him." (A. 67.)

Additionally, the District Court agreed that Johnson was a career offender under § 4B1.1 and determined that his total offense level was thirty-one, which reflected his career offender offense level of thirty-four minus three points for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a)-(b). The District Court then determined that Johnson's criminal history category level was six, either with or without the career offender enhancement. Johnson's corresponding United States Sentencing Guidelines (the "Sentencing Guidelines") range was between 188 and 235 months of imprisonment.

Johnson moved for a downward departure pursuant to U.S.S.G. § 4A1.3(b), contending that "the career offender guideline . . . overstates his criminal history." (A. 75.) The District Court denied Johnson's motion, finding that Johnson's criminal history category level did not "substantially over-represent[] the seriousness of [his] criminal history or the likelihood that [he] will commit other crimes." (A. 78.)

3

Following brief testimony, Johnson requested that the District Court grant a downward variance from the Sentencing Guidelines range of 188 to 235 months and instead impose a sentence of between sixty and ninety-two months. Additionally, he requested that his federal sentence run concurrently to a preexisting state sentence of between three and ten years. The District Court granted an eight-month downward variance, sentencing Johnson to 180 months. The District Court, however, denied Johnson's request for a concurrent sentence, instead ordering that his federal sentence run consecutively to any state sentence that he was serving.

In sentencing Johnson to 180 months, the District Court considered the factors under 18 U.S.C. § 3553(a)(1)-(7). These factors require the District Court to consider the "nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed," "the kinds of sentences available," the applicable Sentencing Guidelines range, any applicable sentencing policy statements, "the need to avoid unwarranted sentence disparities," and "the need to provide restitution to any victims of the offense." § 3553(a)(1)-(7).

At factor one, the District Court noted that Johnson earned a high school degree, had some work history, and had a history of substance abuse. The District Court also observed that Johnson grew up in a stable home and had family support, but nevertheless chose to become a leader in the illicit drug trade. At factor two, the District Court determined that a sentence of 180 months of imprisonment was necessary to deter and to punish Johnson because he committed serious offenses and had a lengthy criminal history. At factor three, the District Court noted that Johnson's sentence was subject to a

4

five-year mandatory minimum and that his sentence of 180 months of imprisonment was eight months below the minimum Sentencing Guidelines range. At factors four and five, the District Court determined that "the applicable statutes and sentencing guidelines provide a fair gauge of the amount of imprisonment and supervised release that are appropriate for [Johnson's] punishment." (A. 96.) At factor six, the District Court found that "any disparity with others sentenced for similar crimes is justified in light of the several factors and circumstances, including [Johnson's] extensive criminal history and [his] continued involvement with controlled substances." (A. 96.) Finally, at factor seven, the District Court determined that restitution posed no concern.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291. We review the district court's factual determinations during sentencing for "clear error" and the sentencing decision for "abuse-of-discretion," assessing both whether the district court committed a "significant procedural error" and "the substantive reasonableness of the sentence." *United States v. Larkin*, 629 F.3d 177, 181 (3d Cir. 2010) (citing *Kosiba v. Merck & Co.*, 384 F.3d 58, 64 (3d Cir. 2004)); *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). If the district court committed no procedural error, "we will affirm [the district court's sentence] unless no reasonable sentencing court would have imposed the same sentence on th[e] particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009). Additionally, absent a "legal error," we will not review a district court's discretionary

5

decision to deny a sentencing departure. *United States v. Cooper*, 437 F.3d 324, 332 (3d Cir. 2006).

A.

Johnson first argues that the District Court abused its discretion in denying his request for a downward departure pursuant to U.S.S.G. § 4A1.3(b), contending that criminal history category level six "overstates his criminal history." (Appellant's Br. 13.) His argument rests on his assertion that four of his five felony controlled substance convictions occurred approximately ten years before his instant sentencing, and his sentences in his first four convictions were each relatively light.

Regardless of the age or severity of Johnson's prior convictions, we cannot review the District Court's denial of his request for a downward departure. We review "the discretionary decision of the District Court not to depart" only when "there is a claim of legal error." *Larkin*, 629 F.3d at 196 n.20 (citing *Cooper*, 437 F.3d at 332-33). Because Johnson demonstrates no legal error in the District Court's decision not to depart, we lack authority to consider Johnson's request.

Further, even if we had authority to review the District Court's denial of Johnson's downward departure request, his argument is meritless. A district court may grant a downward departure under § 4A1.3(b) only when "the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." § 4A1.3(b)(1). At the time of sentencing, Johnson had five prior felony controlled substance convictions, including a conviction for an offense that he committed in 2006. His criminal history

6

placed him in criminal history category level six even without the career offender enhancement. Accordingly, Johnson fails to demonstrate that the District Court abused its discretion in declining to find that criminal history category level six substantially over-represents the seriousness of his criminal history or his likelihood of committing future offenses.

B.

Johnson next contends that the District Court abused its discretion in imposing a 180-month sentence, arguing that "a sentence greater than 10 years in prison is unreasonable" in light of Johnson's "intact family," his "support[] [of] his three minor children," and his role in the drug trade as a "small-time, street-level dealer."[2] (Appellant's Br. 17-18.) We do not agree that the District Court abused its discretion in sentencing Johnson to 180 months.

In determining whether a sentence is reasonable, we consider the Sentencing Guidelines as "the starting point and the initial benchmark." *Gall*, 552 U.S. at 49. We then assess "whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc). If the district court appropriately considered the § 3553(a)

---

[2] Johnson also briefly argues that the District Court failed to consider that Johnson's aggregate state and federal sentences would total between 216 and 300 months when it sentenced Johnson to 180 months. Johnson's assertion is incorrect because Johnson's counsel informed the District Court of Johnson's undischarged state court sentence before the District Court sentenced Johnson to 180 months. We discuss Johnson's arguments concerning his state court sentence in greater depth in Section II(C) *infra*.

7

factors, we "give[] [the] district court[] broad latitude in sentencing." *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008).

The District Court calculated the Sentencing Guidelines range and granted Johnson an eight-month downward variance. In determining that Johnson's proper sentence was 180 months, the District Court carefully weighed each of the § 3553(a) factors, as discussed in detail in Section I *supra*. As part of its § 3553(a) analysis, the District Court recognized Johnson's family support and role in his offenses, just as Johnson now urges we consider. These facts, however, were not entirely favorable to Johnson.

As the District Court noted, Johnson grew up in a stable home and has ongoing family support, which "should have resulted in [him] attending college and maintaining a lifestyle and occupation away from the illicit drug trade." (A. 93.) Instead, however, he "chose to become involved in that drug trade." (A. 93.)

Additionally, although Johnson now contends that his involvement in the drug trade was as "a small-time, street-level dealer" based on his prior convictions for sales of small amounts of drugs, the District Court did not agree that Johnson was a low-level dealer, at least in his instant offenses. (Appellant's Br. 18.) Instead, the District Court found that Johnson was a "leader of [a] conspiracy involving three other indicted defendants." (A. 93.) Because the presentence report states that Johnson arranged for his co-conspirators to sell and to deliver cocaine for him, and Johnson presented no evidence that he was only a street-level dealer at the sentencing hearing, we find no error in the

8

District Court's determination that Johnson was a leader.[3]  Accordingly, considering the

"totality of the circumstances" and giving "due deference" to the District Court's

sentencing decision, we cannot find that the District Court abused its discretion in

sentencing Johnson to 180 months.  *Gall*, 552 U.S. at 51.

C.

Finally, Johnson argues that the District Court abused its discretion in ordering

that his federal sentence run consecutively to his state sentence, contending that his state

sentence concerns "relevant conduct" to his federal sentence under U.S.S.G. § 5G1.3(b).

In the alternative, he contends that the District Court failed to consider the effect of

imposing a consecutive sentence under U.S.S.G. § 5G1.3(c) when it balanced the

sentencing factors under § 3553(a).

Section 5G1.3(b) guides district courts to impose a concurrent sentence when

> a term of imprisonment resulted from another offense that is relevant conduct to the instant offense under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments). . . .

---

[3] As discussed in Section I *supra*, Johnson initially objected to the presentence report in a written submission before the sentencing hearing, contending that he was not the leader in the instant drug conspiracy.  At the sentencing hearing, however, he appeared to abandon this argument, presenting no testimony or evidence in support of his position.  "[T]he [presentence] report serves as a prima facie and sufficient showing of fact," so Johnson had "the burden of production . . . to come forward with evidence . . . indicat[ing] that the report [was] incorrect or incomplete."  *United States v. McDowell*, 888 F.2d 285, 291 n.1 (3d Cir. 1989).  Because Johnson failed to meet his burden, the District Court's conclusion that Johnson was a leader based on the presentence report was proper.

Conduct may be relevant when it is part of the same criminal undertaking.[4]

*See United States v. Oser*, 107 F.3d 1080, 1084 (3d Cir. 1997).

Although the District Court did not make explicit findings concerning § 5G1.3(b), Johnson's state and federal sentences do not relate to the same criminal undertaking. According to the presentence report, Johnson's state sentence concerns his sale of 2.3 grams of crack cocaine to another individual while he was in a vehicle with an undercover trooper on December 6, 2006. By contrast, his instant federal sentence concerns a drug distribution conspiracy and several specific cocaine sales occurring between August 19, 2009 and November 4, 2009.

_____

[4] The complete definition of relevant conduct from § 1B1.3(a)(1)-(3) is as follows:

> (1) (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and
>     (B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense;
>     (2) solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, all acts and omissions described in subdivisions (1)(A) and (1)(B) above that were part of the same course of conduct or common scheme or plan as the offense of conviction;
>     (3) all harm that resulted from the acts and omissions specified in subsections (a)(1) and (a)(2) above, and all harm that was the object of such acts and omissions.

Further, even if the state offense is relevant conduct to the instant federal offenses, § 5G1.3(b) directs district courts to impose a concurrent sentence only when the state offense is "the basis for an increase in the offense level" for the federal offense. Johnson received no offense level enhancement due to his state offense, so his argument that the District Court should have applied § 5G1.3(b) fails.

Likewise, we reject Johnson's alternative argument that the District Court did not consider the effect of imposing a consecutive sentence under § 5G1.3(c) when it balanced the sentencing factors under § 3553(a). Section 5G1.3(c) provides that "[i]n any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." Under 18 U.S.C. § 3584(b), district courts must consider the factors under § 3553(a) to determine whether to impose a consecutive or concurrent sentence.

The District Court properly considered the factors under § 3553(a) when it ordered the consecutive sentence. Although the District Court did not explain specifically why it imposed a consecutive rather than a concurrent sentence, a district court need not explain its reasoning beyond weighing the § 3553(a) factors. *See United States v. Saintville*, 218 F.3d 246, 249 (3d Cir. 2000). Further, while Johnson contends that the District Court "apparently unwittingly . . . imposed a sentence over 1.5 times the length which [it] deemed proper" by ordering a consecutive sentence, Johnson's counsel explained to the District Court when he requested a concurrent sentence at the sentencing hearing that Johnson was serving a state sentence of between three and ten years. (Appellant's Br.

11

22.) As the District Court was thus plainly aware of the aggregate length of Johnson's state and federal sentences, Johnson's argument fails.

## III.

For the foregoing reasons, we will affirm the District Court's judgment.