**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4232
_____

UNITED STATES OF AMERICA

v.

CHRISTOPHER RUSSELL,
a/k/a Christopher Bishop,

Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 2-09-cr-00672-002)
District Judge: Honorable Gene E.K. Pratter
_____

Submitted Under Third Circuit LAR 34.1(a)
March 28, 2014
_____

Before: FUENTES and SHWARTZ, <u>Circuit Judges</u>, and
ROSENTHAL, <u>District Judge</u>.[*]

(Filed: March 28, 2014)
_____

OPINION
_____

---

[*] The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

SHWARTZ, Circuit Judge.

Christopher Russell pleaded guilty to charges arising from his participation in a fraudulent check scheme. The District Court imposed a sentence of, among other things, 136 months' imprisonment to be served consecutively to an existing state sentence. Russell now appeals his sentence, arguing only that it was an abuse of discretion to run his federal sentence consecutively to his state sentence. We will affirm.

I

As we write primarily for the benefit of the parties, we recite only the essential facts and procedural history.

From September 2005 through November 2008, Russell participated in a bank fraud and identity theft conspiracy. The conspirators obtained bank account and personal information of bank customers from bank employees and an insurance company employee. They then used that information to create false identification documents and fraudulent checks in the names of bank customers. Russell recruited drug addicted check runners to cash the checks, collected the proceeds from them, and paid them with illegal drugs or money.

On October 15, 2009, a federal grand jury returned an indictment charging Russell with one count of conspiracy in violation of 18 U.S.C. § 371; seven counts of bank fraud and aiding and abetting in violation of 18 U.S.C. §§ 1344, 2; and 24 counts of aggravated identity theft and aiding and abetting in violation of 18 U.S.C. §§ 1028A, 2. Russell pleaded guilty to each count.

2

A sentencing hearing was held on November 15, 2011. At that time, Russell was serving an aggregate state sentence of 63 to 126 years' imprisonment for robbery, aggravated assault, and burglary. The offense conduct for the state convictions occurred between February and April 2009, and was unrelated to the federal offenses.

Russell argued that his federal sentence should run concurrently to his state sentence since a consecutive sentence was essentially a life sentence. After considering the relevant statutory and guideline provisions, including each of the factors listed in 18 U.S.C. § 3553(a), the Presentence Investigation Report, counsels' arguments, and statements from Russell, the District Court imposed a sentence of 136 months' imprisonment,[1] five years of supervised release, $1,707,672 in restitution, and a special assessment of $3,100. The District Court further ordered that the federal sentence be served consecutively to the state sentence.

This appeal followed.[2]

II

Russell only argues that the District Court abused its discretion by directing that his federal sentence run consecutively to, not concurrently with, his state sentence. Russell concedes that the District Court "considered [the] appropriate [sentencing]

---

[1] The 136 month sentence resulted from a total offense level of 24 and a criminal history category of VI. While this calls for an advisory Guidelines range of 100-125 months, Russell also faced 24-month consecutive sentences for each of the 23 counts on which he was convicted for aggravated identity theft, exposing him to an "an effective [advisory] guideline range of 124 months to 149 months," or 652-677 months if each 24-month sentence was imposed to run consecutively to one another.

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

3

factors," Appellant Br. 6, but argues that the District Court nonetheless abused its discretion because, given Russell's age and the length of the state sentence, it effectively imposed a life sentence.

We review the District Court's sentence for an abuse of discretion. See United States v. Dees, 467 F.3d 847, 852 (3d Cir. 2006); United States v. Saintville, 218 F.3d 246, 249 (3d Cir. 2000).

III

The statutory provision concerning consecutive and concurrent sentences provides:

> [I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt.

18 U.S.C. § 3584(a). Additionally, "[t]he court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in [18 U.S.C. §] 3553(a)." 18 U.S.C. § 3584(b). Similarly, the policy statement in U.S.S.G. § 5G1.3(c) provides that, in a case "involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."

The District Court recognized its discretion to impose a consecutive or concurrent sentence and set forth the reasons why it found a consecutive sentence was warranted.

4

As the District Court thoroughly explained at sentencing, Russell's federal sentence, including its consecutive nature, reflected the seriousness of his offenses and his role in them, his "fearsome and significant" criminal history,[3] Supp. App. 33, the need to protect the public from further crimes by him, and the need for him to be separately punished for his federal crimes. Because the state convictions and the federal convictions were entirely unrelated, Russell would avoid punishment for his federal crimes if his federal sentence ran concurrently with his state sentence. In these circumstances, and mindful that "the trial court [is] in the best position to determine the appropriate sentence in light of the particular circumstances of the case," United States v. Cooper, 437 F.3d 324, 330 (3d Cir. 2006), we hold that the District Court appropriately exercised its discretion by ordering Russell's federal sentence, which was at the lower end of the guidelines range, to run consecutively to his state sentence.[4]

IV

For the foregoing reasons, we will affirm.

---

[3] The PSR reflects at least 20 arrests, resulting in at least 16 convictions for, among other things, drug, robbery, and violent crimes.

[4] This is especially true in a case like this, where the sentencing judge sentenced, and hence was familiar with, the other conspirators.