**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4379
_____

HECTOR HERNANDEZ NEGRON,
Appellant

v.

WARDEN OF FCI-SCHUYLKILL
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-12-cv-00957)
District Judge:  Honorable William J. Nealon

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 5, 2014

Before:  CHAGARES, KRAUSE and SLOVITER, Circuit Judges

(Filed: September 8, 2014)
_____

OPINION
_____

PER CURIAM

Pro se appellant Hector Hernandez Negron appeals the District Court's order

denying his petition under 28 U.S.C. § 2241.  For the reasons detailed below, we will

affirm the District Court's judgment.

In 1994, Negron was convicted in Superior Court in Puerto Rico for a drug crime and sentenced to 20 years' imprisonment. On February 16, 1996, while imprisoned on the Puerto Rico sentence, Negron was arrested on federal charges of (1) conspiracy to distribute in excess of five kilograms of cocaine, crack cocaine, and heroin, and (2) distribution of cocaine within 1,000 feet of a school. See 21 U.S.C. §§ 841(a)(1), 846, 860; 18 U.S.C. § 2. Negron's appearance in federal court was obtained by a writ of habeas corpus ad prosequendum. Negron was convicted in January 1998 in the District of Puerto Rico, and sentenced to 450 months' imprisonment. On March 19, 1999, Negron was returned to Puerto Rico authorities.

In July 2001, while still in Puerto Rico custody, Negron filed a motion under 28 U.S.C. § 2255 in the District of Puerto Rico. In connection with this motion, on February 4, 2002, Negron was transferred to a federal prison, again via habeas corpus ad prosequendum. His § 2255 motion was dismissed on August 7, 2002; he says that he was returned to a Puerto Rico prison on September 26, 2003. Negron was released from his Puerto Rico sentence on November 15, 2004, and transported to federal custody to begin serving his 450-month sentence.

Negron then filed the petition under 28 U.S.C. § 2241 that is at issue here. He claims that he is entitled to a credit of 60 months and 24 days against his federal sentence. He arrives at that total, first, by combining the time he was purportedly in federal custody in connection with his federal trial and his § 2255 motion. He also contends that he completed his Puerto Rico sentence on June 15, 2004, but was not transferred to federal

2

custody until November 15, 2004; he argues that he should also be entitled to credit for those five months.

The District Court denied Negron's petition, and Negron filed a timely notice of appeal to this Court. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the District Court's denial of Negron's § 2241 petition. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

We agree with the District Court's disposition of this case. As noted above, Negron asks for credit against his federal sentence for three periods of time: (1) February 16, 1996, to March 19, 1999; (2) February 4, 2002, to September 26, 2003; and (3) June 15, 2004, to November 15, 2004. As to periods (1) and (2), "the time spent in federal custody pursuant to a writ ad prosequendum is credited toward his state sentence, not his federal sentence." Ruggiano v. Reish, 307 F.3d 121, 125 n.1 (3d Cir. 2002); see also Rios v. Wiley, 201 F.3d 257, 274-75 (3d Cir. 2000) (applying "general rule prohibiting double credit" to situation where "the prisoner was in federal control pursuant to a writ of habeas corpus ad prosequendum"), superseded on other grounds as stated in United States v. Saintville, 218 F.3d 246, 248-49 (3d Cir. 2000). Therefore, Negron is not entitled to credit against his federal sentence for those periods of incarceration.

As to period (3) — June 15, 2004, to November 15, 2004 — Negron contends that his state sentence ended on June 15, 2004, and that he should therefore have begun to serve his federal sentence on that date. However, the evidence in the record is to the contrary: the government has presented an order from Puerto Rico and records from the

United States Marshals Service listing November 15, 2004, as the date Negron's state sentence ended and his federal sentence began. Therefore, Negron's argument concerning this period is simply not supported by the record. See generally 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.").

Finally, to the extent that Negron points to stray language in the sentencing transcript that he contends supports his position, we are not persuaded. The District Court stated unequivocally that Negron's federal sentence would run consecutively to his state sentence, and "district courts have no authority to credit time toward a sentence under § 3585(b) — that function rests in the sole authority of the BOP." Blood v. Bledsoe, 648 F.3d 203, 206 (3d Cir. 2011).

Accordingly, we will affirm the District Court's judgment.